## OGDEN v. PACKARD.

### No. 19,306; January 31, 1894.

#### 35 Pac. 642.

**Foreclosure of Mortgage—Attorney Fees.—On Appeal** from a judgment foreclosing a mortgage which provides for the allowance of reasonable attorney's fees on foreclosure, the allowance will not be disturbed if the appeal is brought up on the judgment-roll alone, without exceptions, and there is nothing in the record to show that the court abused its discretion in making the allowance.

APPEAL from Superior Court, San Bernardino County; George E. Otis, Judge.

Action by Matthew B. Ogden against C. E. Packard. From a judgment for plaintiff, defendant appeals. Affirmed.

W. J. McIntyre for appellant; Irvington & Adair for respondent.

VANCLIEF, C.—Action to foreclose a mortgage which provided that, ''in the event of the foreclosure of said mortgage, reasonable attorney's fees shall be taxed by the court, and included and paid in the bill of costs.'' It is alleged in the complaint that $500 is a reasonable attorney's fee to be allowed under said provision of the mortgage. The answer simply ''denies that $500 is a reasonable attorney's fee,'' without stating whether such fee is unreasonably large or unreasonably small or what sum would be a reasonable fee. The court found the amount due on the mortgage notes to be $16,571.65, and fixed and allowed as plaintiff's attorney's fees the sum of $500, and for the payment of these sums ordered a sale of the mortgaged property in the usual mode. Findings of fact were waived, but the amount due on the notes and the sum allowed for attorney's fees are recited in the decree. The defendant brings this appeal from the final decree, upon the judgment-roll, and without any exceptions; and the only point made is that the court exceeded its discretionary power in fixing and allowing plaintiff's attorney's fees, and asks that the judgment be modified by deducting from the attorney's fees $350. There is nothing in the record tending to show any abuse of the discretionary power of the court; and, indeed, for aught that appears, the appellant may have expressly acquiesced in the order fixing the attorney's fees. I think the judgment should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.